## DECEMBER TERM, 1843.

COMMISSIONERS OF THE SINKING FUND *v.* R. A. PATRICK, *et al.*

A party having a valid defence to a portion of the amount of a judgment at law against him, cannot have an injunction for the whole amount of the judgment.

A. having made a payment upon a note, which is credited upon the back of it, being sued at law upon the note, permits judgment to be rendered against him for the whole amount of the note, without pleading payment, or calling the attention of court and jury to the credit on the back of the note, is not entitled to *relief in a court of equity.*

A party having a valid legal defence, which by gross negligence he failed to make at law, cannot be heard to make it in a court of equity.

THIS case was submitted to the Chancellor, upon a motion to dissolve the injunction granted in the case, by one of the circuit judges ; the motion was based upon the want of equity on the face of the bill.

*Potter*, for motion.

*W. Yerger, contra.*

CHANCELLOR. The Commissioners of the Sinking Fund obtained a judgment at law against the complainant, Patrick, and his sureties, upon a note made in the year 1838, for the sum of $4,500·00, bearing ten per cent. interest, being, as expressed on the face of the note, for a loan of money. On the 6th of July, 1839, the sum of $462·25, was paid, being all the interest then due, and the payment was credited upon the back of the note.

On the 22d of December, A. D. 1842, judgment was obtained in the Circuit Court of Hinds county, upon the note, for the sum of $6,652·52, and costs of suit, being the principal and interest due upon the note, on the day the judgment was rendered.

All the allegations of the bill, for the purpose of obtaining the injunction in this cause, restraining the plaintiffs in the judgment from collecting any part of it, are, that the complainants had, on the day stated above, paid the sum of $462, the interest then due, and that they had not been allowed the credit.

And yet a circuit judge was found, who enjoined the collection of

Com'rs of Sinking Fund *v*. Patrick, et al.

$6,652·52, because the complainants had not been allowed a credit of $462, to which they averred they were entitled.

There was not a shadow of a pretext for this injunction for the whole amount of the judgment ; and I think none even for the $462·25.

In looking into the record of the judgment at law, I find the only issue presented to the jury, was one of *non assumpsit* ; there was no plea of payment or off-set. I have not entered into a calculation to ascertain whether or not, in point of fact, this $462 was credited upon the note and allowed before the judgment was taken. Such an inquiry is not necessary.

To entitle him to have made the defence at law, he was bound to have plead the payment, or called the attention of the court and jury to it, if credited on the back of the note, under the issue then before the jury. He did not do so, and he shall not be permitted to make it here.

He shows a degree of gross negligence that shuts the doors of this Court to his entrance here, and excludes him from being heard upon the subject. He made no defence at law; he might have done so. I cannot allow him to renew and protract a controversy here, which he might and should have settled there.

Let the injunction be dissolved.